IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>DEANDRE PRUCHA,<br>Defendant. | **8:26-CR-182**<br><br>**ORDER ON MOTION TO CONTINUE TRIAL AS TO COUNT TWO OF THE INDICTMENT** |

This matter is before the Court on the Government's motion, Filing 34, seeking to continue trial as to Count Two of the Indictment. The defendant appeared before United States Magistrate Judge Michael D. Nelson for a change of plea hearing on October 26, 2026. Filing 25 (text minute entry). At this hearing, the defendant withdrew a plea of not guilty as to Count One and entered a plea of guilty as to that same count. Filing 25 (text minute entry). After accepting the magistrate judge's Findings and Recommendation, Filing 26, the Court adopted the defendant's guilty plea as to Count One. Filing 32. Sentencing for Count One has been scheduled for January 20, 2027. Filing 25 (text minute entry). No action was taken as to Count Two at the change of plea hearing, and trial is currently set for December 1, 2026, Filing 20.

The Government represents that it "intends to move to dismiss Count Two at the sentencing on Count One." Filing 34 at 1. "Because the Government intends to move to dismiss Count Two at the sentencing on Count One (January 20, 2027), the Government moves to continue the trial currently set on Count Two." Filing 34 at 2. The Government states in support of its motion,

> The ends of justice will be served by granting this continuance and outweigh the interests of the public and the defendant in a speedy trial. In this case, because the Government intends to dismiss Count Two at the sentencing on Count One, the Government does not anticipate there being a trial as to Count Two. Any additional time arising as a result of the granting of this motion should be deemed excludable in any computation of time under the requirement of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7). The trial on Count Two is being continued only until the disposition of Count One is completed, at which time it is anticipated that Count Two—and the entire case—will be resolved.

Filing 34 at 2.

Under 18 U.S.C. § 3161(h)(7), a period of delay resulting from a continuance "at the request for the Government" "shall be excluded . . .  in computing the time within which the trial of any such offense must commence" when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A contemporaneous record of ends-of-justice findings need not be made by the district court. *United States v. Adejumo*, 772 F.3d 513, 522 (8th Cir. 2014). However, a district court "grant[ing] an ends-of-justice continuance . . . 'must se[t] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice are served and they outweigh other interests.'" *United States v. Johnson*, 990 F.3d 661, 667 (8th Cir. 2021) (internal quotation marks omitted) (alteration in original) (citation ommitted). "The [Speedy Trial] Act sets forth factors the court must consider in deciding whether to grant an ends-of-justice continuance." *Johnson*, 990 F.3d at 667–68 (citing 18 U.S.C. § 3161(h)(7)(B)). These factors include,

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). The Eighth Circuit has explained that "[a]n ends of justice continuance cannot be granted simply to serve the court's own scheduling needs, as opposed to the needs of the parties." *Johnson*, 990 F.3d at 668 (internal quotation marks omitted) (citation omitted).

The Court denies the Government's motion requesting a continuance as to Count Two and that "[a]ny additional time arising as a result of the granting of this motion [] be deemed excludable in any computation of time under the requirement of the Speedy Trial Act." Filing 34 at 2. The Government identifies none of the factors that district courts must consider in making an ends-of-justice determination and asserts a wholly conclusory argument that the ends-of-justice are supported by a continuance. The Government's motion appears to ask the Court to pause the computation of time because of the Court's own scheduling needs, rather than the needs of the parties. *Johnson*, 990 F.3d at 668. The Government only identifies the fact that it does not anticipate a trial on Count Two. Filing 34 at 2. The Government does not identify any party-related need. Filing 34 at 2. The Government has not met the ends-of-justice requirements for a continuance that pauses the computation of time under the Speedy Trial Act.

The Court cancels the December 1, 2026, trial date relating to Count Two based on the Government's representation that it intends to dismiss the count. The computation of time will

continue to accrue under the Speedy Trial Act, and the period of time specified in 18 U.S.C. § 3161(c) will expire on Count Two unless the United States dismisses the count prior to expiration. The United States appears to have two options should it wish to reserve the right to proceed on Count Two. First, the United States could try the remaining count before time under the Speedy Trial Act expires. Second, the United States could dismiss the remaining count prior to the expiration and reindict the defendant on the remaining count at some later time. Accordingly,

IT IS ORDERED:

1. The Government's Motion to Continue, Filing 34, is denied; and
2. The December 1, 2026, trial, Filing 20, is canceled.

Dated this 20th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge